UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| FREDERICK V. MCMENIMEN, III, | ) | Case No.: 12-10713-JMD |
| | ) | |
| Debtor | ) | Hearing Date: August 25, 2015 |
| | ) | Hearing Time: 1:30 p.m. |
| | ) | Objection Deadline: August 18, 2015 |

### CHAPTER 7 TRUSTEE'S MOTION TO SELL PURSUANT TO SECTION 363(b)

NOW COMES Mark P. Cornell, Chapter 7 Trustee (hereafter the "Trustee") for the Estate of Frederick V. McMenimen, III (hereafter the "Debtor"), by and through his attorney, Daniel C. Proctor, Esq., and requests this Honorable Court to authorize the sale of the Estate's Judgment, entered by this Honorable Court in the matter of <u>Mark P. Cornell, Trustee v. Frederick V. McMenimen, Jr.</u>, Adv. Pro. No.: 14-01005-JMD, pursuant to 11 USC 363(b), Fed. R. Bankr. P. 6004 and LBR 6004-1, stating as follows:

I.   BACKGROUND

1. That the Debtor filed his Chapter 7 bankruptcy proceeding on or about June 6, 2012.

2. That subsequent to the above, the Debtor was indicted in the United States District Court for the District of New Hampshire, on various criminal charges some of which included money laundering, involving two (2) bank accounts with Citizens Bank (hereafter the "Bank Accounts"). Said Bank Accounts had the last four digits ("4386" and "2188").

3. That subsequent to the aforementioned indictment, the Debtor waived his discharge voluntarily, by an agreement with the Assistant U.S. Trustee, for the District of New Hampshire.

4. That subsequent to the above, the Trustee initiated an Adversary Complaint, in this Honorable Court, in the matter of <u>Mark P. Cornell, Trustee v. Frederick V. McMenimen, Jr.</u> (hereafter the "Adversary Complaint").

5. That the Debtor is the son of the Defendant named in the Adversary Complaint, Frederick V. McMenimen, Jr. (hereafter the "Defendant").

6. That the Bank Accounts, associated with the money laundering charges, were bank accounts owned by the Defendant but, utilized by the Debtor.

7. That the gravamen of the Trustee's Adversary Complaint was that the Debtor fraudulently transferred funds to the Defendant through the Bank Accounts.

8. That subsequently, by Order granting summary judgment dated September 12, 2014, this Honorable Court entered Judgment on the fraudulent transfer Counts, in the Adversary Complaint, against the Defendant, for the sum of ". . . . $285,867.22, with interest thereon at the rate provided by statute."

9. That subsequent to the entry of Judgment on the Adversary Complaint against the Defendant, the Debtor entered a plea of guilty in the United States District Court for the District of New Hampshire, for the criminal charges (including the money laundering charges) and he is currently serving time in a Federal prison.

10. That subsequent to the entry of Judgment on the Adversary Complaint, the Trustee engaged in an extensive review of the Defendant's finances and financial

records, going back to the beginning of 2012. (A period when the fraudulent transfers began, pre-Chapter 7 Petition).

    11. That counsel for the Trustee obtained copies of:

        a. The Defendant's 2012, 2013, and 2014 Federal and Massachusetts Income Tax Returns, complete with all Schedules, 1099s and attachments;

        b. Recent paystubs from the Defendant's employer, "Sleepys";

        c. A Financial Affidavit;

        d. Applications for credit which were prepared or, submitted by the Defendant, within the last twelve months;

        e. Records of a defunct business known as "Coaches";

        f. Statements for any and all financial assets including, but not limited to, all investment accounts, retirement accounts, securities and otherwise, investment and retirement statements;

        g. Credit card statements beginning in the year 2011;

        h. Bank Statements beginning in the year 2012; and

        i. Copies of documents surrounding the Defendant's purchase and sale of a condominium.

    12. That subsequent to obtaining the aforementioned records, the Defendant was examined, under oath, and was questioned with respect to the aforementioned records, which were provided, for the purpose of determining the Defendant's ability to satisfy the Trustee's Judgment.

13. That after examining the Debtor, under oath, the Trustee was unable to identify any substantial asset, in the possession of the Defendant, which could be used to satisfy any Judgment, or Decree.

14. That at best, the Trustee is of the opinion that any satisfaction of the Judgment entered against the Defendant in the Adversary Complaint would need to be satisfied in accordance with New Hampshire's "periodic payment" procedure (RSA 524:6-a) and the Trustee could not find any asset, of the Defendant, which could be levied upon with a Writ of Execution (which was issued by this Honorable Court).

15. That subsequent to all of the above, the Trustee was able to locate and obtain an offer from a Debt Buyer, known as Renoir Recovery LLC (hereafter "Renoir"), expressing a willingness to purchase the Judgment, entered against the Defendant.

## II. LIENS AND ENCUMBRANCES

16. That the Trustee asserts that there are no liens and/or encumbrances against the Judgment.

## III. TERMS OF SALE

17. That Renoir is willing to purchase the Judgment from the Trustee for the sum of $10,000.00.

18. That a copy of the Assignment of Judgment, which is sought by Renoir, is attached to this Motion as Exhibit 1.

19. That the sale of the Judgment, if approved by this Court, would be "as is – where is" with any and all faults, with no warranties, recourse, and/or subsequent recession/restitution of the transfer, after approval of the sale by this Honorable Court.

20. That the sale of the Judgment, if approved by this Court, includes the condition that the Trustee has no duty, obligation, or requirement to assist Renoir in any collection activity, Renoir may undertake and also, the Trustee has no duty, to provide any additional records and/or documents, to Renoir (Renoir having obtained copies of any and all records it deems necessary, prior to any hearing on this Motion to Sell and if they fail to do so, waive any and all claims for the same).

IV. **APPROVAL OF THE SALE OF THE JUDGMENT IS IN THE BEST INTEREST OF THE ESTATE AND SHOULD BE AUTHORIZED BY THIS COURT.**

21. The Defendant does not appear to possess any substantial asset, which could be levied upon, to satisfy the Judgment, or any portion thereof.

22. The only potential asset the Trustee has been able to identify, is not in the possession of the Defendant and would require additional litigation expenses to obtain.

23. That assuming aforesaid litigation was successful, the best case scenario for the Trustee would be to recover the sum of $11,923.50.

24. That said sum represents the Defendant's half of the net sales proceeds, from the sale of his former condominium and residence, which were transferred to the Defendant's spouse.

25. That in view of the difference between the sale amount, to be paid Renoir ($10,000.00), and the additional litigation necessary to obtain the Defendant's share of the condominium proceeds ($11,923.50), the Trustee believes the expenses of litigation would outweigh the amount of this sale, to Renoir. Further, there would be risk to the Trustee that no recovery was made.

26. Therefore the only real possibility for recovery, of the Judgment against the Defendant, would be in periodic payments.

27. That the expenses of administering periodic payments outweigh the benefit to the Estate.

## V. DISTRIBUTION OF SALES PROCEEDS

27. That there are no expenses associated with this sale and the gross sale amount, would also be the net sale amount, subject to the ordinary rules regarding administrative expenses, legal fees, and distribution to creditors of the Estate and a Motion to Approve the same will be filed in the ordinary course of administration.

WHEREFORE the Trustee prays:

A. That this Court authorize the Trustee to sell the Judgment against the Defendant, identified above, to Renoir;

B. For such other and further relief as is just and equitable.

Respectfully Submitted
MARK P. CORNELL, TRUSTEE
By His Attorney

Dated: July 22, 2015

/s/ Daniel C. Proctor, Esq.
Daniel C. Proctor, Esq., #02124
P.O. Box 3544
Concord, NH 03302-3544
603-228-8226
daniel.proctor@myfairpoint.net

# ASSIGNMENT

KNOW ALL MEN BY THESE PRESENTS that Mark P. Cornell, Trustee, for consideration, hereby assigns the following to RENOIR RECOVERY LLC, a duly organized New Hampshire LLC, with a mailing address of 100 Webster Street, Manchester, NH, 03104.

The Judgment known as <u>Mark P. Cornell, Trustee v. Frederick V. McMenimen, Jr.</u>, filed in the United States Bankruptcy Court, for the District of New Hampshire, Adv. Pro. No.: 14-01005-JMD.

Witness my hand and seal this _____ day of July, 2015.

_____
Mark P. Cornell, Trustee
DULY AUTHORIZED

STATE OF NEW HAMPSHIRE
COUNTY OF MERRIMACK

On this _____ day of July, 2015, before me, the undersigned officer, personally appeared Mark P. Cornell, Trustee known to me, or satisfactorily proven, to be the person whose name is subscribed to the foregoing instrument and acknowledged that he executed the same in the capacity therein stated and for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

_____
Daniel C. Proctor, Esq., Justice of the Peace
My Commission Expires: 12/20/2018